
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PSO-

---

THOMAS SMITH, 03-A-0644,

        Plaintiff,

-v-

KEVIN PAWLOWSKI, KEVIN BRIGGS,
and ROBERT BARKLEY,

        Defendants.

**DECISION AND ORDER**
05-CV-0058S(F)

---

## INTRODUCTION

Plaintiff, Thomas Smith, an inmate formerly incarcerated at the Wende Correctional Facility ("Wende"), has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff has also applied for appointment of counsel pursuant to 28 U.S.C. § 1915(e) (Docket No. 3). Plaintiff claims that the defendants, all of whom are corrections officers at Wende, denied him his right to attend an Islamic prayer service on one occasion in September, 2004, turned off the power in his cell for five days thereafter, and made disparaging remarks about his Islamic faith. He asserts that the defendants' actions violated his rights under the First, Eighth, and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc et seq. For the reasons discussed below, Plaintiff's request to proceed as a poor person is

granted and the Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because plaintiff's claims are moot.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, Plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. In evaluating the Complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

As previously noted, the events on which plaintiff's complaint is based took place when he was an inmate at Wende. The complaint does not assert any claim for monetary damages against the defendants, but instead seeks declaratory and

2

injunctive relief; specifically, plaintiff asks the Court to order that the defendants respect his religious faith, that they be "admonished," and that they cease punishing or harassing him for practicing his faith and because he has a mental handicap.

Since filing his complaint, plaintiff has been transferred from Wende to the Coxsackie Correctional Facility ("Coxsackie"). "It is well settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (citing *Young v. Coughlin*, 866 F.2d 567, 568 n. 1 (2d Cir.), cert. denied, 492 U.S. 909 (1989)); *see also Dunne v. Olson*, 67 Fed. Appx. 939, 2003 U.S. App. LEXIS 8604 (7th Cir. 2003) (holding that an inmate's transfer to another prison mooted his claim for declaratory and injunctive relief against officials at the facility at which he had previously resided); *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360 (11th Cir. 1984) (same). "This result flows logically from the more generalized proposition that 'an actual controversy must be extant at all stages of the case, not just at the time the complaint is filed.'" *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002) (quoting *Beyah v. Coughlin*, 789 F.2d 986, 988 (2d Cir. 1986)).

In accordance with the foregoing authority, the Court determines that plaintiff's transfer to the Coxsackie Correctional Facility renders his claims for declaratory and injunctive relief against the defendants, all of whom are corrections officers at Wende, moot. Plaintiff's claims against each of the

defendants are hereby dismissed. The Court's dismissal of plaintiff's complaint renders his application for appointment of counsel moot, and it is likewise denied.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the Complaint is dismissed with prejudice;

FURTHER, that plaintiff's application for appointment of counsel is denied as moot;

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Aug. 12, 2005